(54 South. 474.)

No. 18,437.

Succession of BALOVICH.

(Nov. 14, 1910.  On the Merits, Feb. 13, 1911.)

*(Syllabus by the Court.)*

EXECUTORS AND ADMINISTRATORS (§ 373*) — SALE—DEFAULT JUDGMENT—SETTING ASIDE.

Where an executrix sues an adjudicatee to compel the acceptance of title, a judgment by default against the adjudicatee will be set aside where it is shown that the plaintiff in confirming the default failed to introduce in evidence the order of sale in the succession proceeding. This order of sale is the basis of the title of the adjudicatee, and so the judgment to compel him to accept the title must also be founded upon this order.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 373.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Proceedings by Mrs. Katie O'Grady, executrix, for settlement of the succession of John Balovich. From a judgment to compel N. Frey, adjudicatee of certain property, to accept title and comply with the adjudication, he appeals. Reversed and remanded.

P. M. Milner, for appellant. W. Alexander Bahns, for appellee O'Grady.

### On Motion to Dismiss Appeal.

PROVOSTY, J. After the appeal had been perfected by giving bond, but before the transcript of appeal had been lodged in this court, the appellant died. His legal representatives were slow in making themselves parties to the appeal, and the present motion to dismiss the appeal for want of an appellant was filed. Since then, however, the proper parties have been made so that the alleged ground for dismissal no longer exists.

The motion to dismiss is therefore overruled.

### On the Merits.

BREAUX, C. J. This was an action by Mrs. Katie O'Grady, widow of John Balovich, executrix of the succession of John Balovich, to compel N. Frey, adjudicatee of property hereafter referred to, to accept title and comply with the adjudication of the property on the 11th day of January, 1910.

The property consists of a city lot and improvements thereon, and was adjudicated for the price of $5,075, part cash and part on time.

The defendant not having answered, a default was entered against him on the 15th day of June, 1910.

On the 20th of June of the same year, on motion of counsel for plaintiff, there was confirmation of the default, and a judgment rendered.

It was signed on the 24th day of the same month.

Defendant appealed, and on appeal urged that, although the petition of plaintiff contained a reference to an order of sale, dated December 7, 1910, the order was not offered in evidence, and no such order was admitted in evidence.

In the second place, although he alleged that plaintiff was appointed under an order of court, letters of executorship were not made part of the petition nor the order, and that neither was offered and filed in evidence.

We will take up the first ground for decision. When it will have been disposed of, it will dispose of the appeal and there will remain no necessity of passing on the second ground.

The plaintiff in answer to defendant's plea that necessary papers were not offered and filed in evidence says that defendant, in taking his appeal, instructed the clerk of court not to include in the transcript record of the succession of Balovich, and that he cannot now be heard to urge the absence from the transcript the order of sale.

That the judge of the lower court, who rendered the order of sale, was the judge who rendered the judgment against Frey, adjudicatee, to accept title.

That there was no dispute of title until the payment of the proceeds was asked.

This may all be true. There is no evidence before us on the subject. If there were, it would not supply the order of sale.

It is the mandate upon which the auctioneer acted in selling the property, the basis of the title, and, without it, there is no good title.

The adjudicatee must look to the order of sale, and, if not proven, even in a confirmation of a default, he cannot be compelled to accept title, for without such an order there is no title. This order must be produced.

It was not incumbent upon the clerk to include the record of the succession.

The petition of plaintiff was copied and other papers, including copy of the evidence, all except the order of sale.

The case is remanded.

It is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed. The case is remanded to be proceeded with in accordance with the views before expressed, the costs of appeal to be paid by the appellee; also other costs in the district court incurred to date.